Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 52 | **DATE** | 5/28/2002 |
| **CASE TITLE** | USA vs. Jamaine Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion to dismiss Count 2 (19-1).
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | MAY 3 1 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Case No. 02 CR 52 |
| JAMAINE JACKSON | ) |



## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The indictment in this case charges defendant Jamaine Jackson with contempt of court in violation of 18 U.S.C. §401(3) and obstruction of justice in violation of 18 U.S.C. §1503. Both charges arise from the same set of allegations. Jackson is claimed to have been "a participant and a material witness" in the assault of Annette Williams, which is one of the crimes charged against Clarence Hankton, under indictment before another judge of this Court for crimes connected with his role in a street gang. Jackson had been granted use immunity and had been compelled pursuant to 18 U.S.C. §6002 to testify before the grand jury regarding the Williams assault. In August 2001, the judge presiding over Hankton's case entered an order under §6002 granting Jackson use immunity in connection with his anticipated trial testimony and ordered Jackson to give a videotaped deposition and to testify at trial. When Jackson appeared for his deposition, however, he refused to answer questions that were posed to him.

In Count 1, the indictment alleges that in refusing to testify at the deposition, Jackson knowingly and willfully disobeyed a lawful court order, in violation of 18 U.S.C. §401(3). In Count 2, the indictment alleges that in refusing to testify at the deposition and making known his intention not to testify at trial, Jackson corruptly influenced, obstructed, and impeded the due

administration of justice and endeavored to do so, in violation of 18 U.S.C. §1503.

Jackson has moved to dismiss Count 2 for failure to charge an offense and has also moved to dismiss that Count as multiplicitous of Count 1. Neither of these motions has merit, but the intersection of Jackson's motions exposes an important issue regarding the obstruction charge that may have an impact on the trial of the case.

1.  **Sufficiency of Count 2's allegations**

Section 1503 covers a variety of offenses, including attempts to influence, intimidate or impede jurors, grand jurors, and court officers; injuring jurors, grand jurors, court officers, and magistrate judges on account of their actions; and other endeavors to obstruct the administration of justice. Jackson is charged under the "omnibus" clause of §1503, which provides that whoever "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" commits an offense. He argues summarily that §1503 encompasses acts designed to influence or mislead others and does not reach an individual's refusal to testify, stating that he has been "unable to find a case in which a defendant was charged with a violation of Section 1503 based on his failure to testify after being granted immunity." Motion to Dismiss Count 2, p. 2. Though the government says it has found one, *United States v. Banks,* 988 F.2d 1106 (11th Cir. 1993), that decision does not discuss the applicability of §1503 in this type of case. There is, however, an earlier decision in the same *Banks* case in which the Eleventh Circuit directly addressed the point raised by Jackson. *United States v. Banks,* 942 F.2d 1596 (11th Cir. 1991). Banks had been convicted of marijuana trafficking in state court and testified at his sentencing that he had obtained the marijuana from Curtis Motley. Federal law enforcement

2

authorities later initiated an investigation of Motley, and Banks was immunized and called to testify before a grand jury. He refused to testify, claiming that to do so would put him and his family in danger. He was indicted and convicted of obstruction of justice under §1503. Though the Eleventh Circuit reversed the conviction on a jury instruction issue, it squarely held that §1503 applied. The court stated that it had "no difficulty in concluding that a person who, by refusing to testify before a grand jury, seeks to impede the proper functioning of the grand jury – the 'due administration of justice' – by withholding pertinent information, may properly be convicted of violating §1503." *Id.* at 1578.

Though *Banks* is not controlling authority in this Circuit, this Court finds the Eleventh Circuit's decision persuasive. We have been unable to locate any other reported decisions concerning prosecutions under §1503 for refusal to testify, but there is a significant amount of authority supporting the proposition that an individual's giving of false testimony to a grand jury can violate §1503, so long as "corrupt" intent is shown. *See generally United States v. Russo,* 104 F.3d 431, 435-36 (D.C. Cir. 1997) (citing cases). Such conduct, like that of a person who refuses to testify, does not involve an attempt to involve a third party in the obstructive endeavor. The current situation is likewise analogous to one in which an individual secretes or destroys documents that have been subpoenaed and thus attempts to thwart the administration of justice on his own without involving others. In such a case it is well-established that the person can be prosecuted under §1503. *See, e.g., United States v. Ruggiero,* 934 F.2d 440, 446 (2d Cir. 1991) (concealment of subpoenaed records); *United States v. Lench,* 805 F.2d 1443, 1445-46 (9th Cir. 1986) (same); *United States v. McComb,* 744 F.2d 555, 559 & n.3 (7th Cir. 1984) (alteration of records produced to grand jury); *United States v. Lundwall,* 1 F. Supp. 2d 249 (S.D.N.Y. 1998)

3

(withholding and destroying documents sought in civil lawsuit). It stands to reason that there is no *per se* bar to prosecution of an individual for withholding testimony from the grand jury or at a trial. For that reason, and because Count 2 alleges all the statutory elements of a violation of §1503's omnibus clause, the Court denies Jackson's motion to dismiss.

## 2.    Multiplicity

Jackson also argues that Count 2's §1503 charge is multiplicitous of the contempt charge in Count 1. Multiplicity consists of charging a single offense in multiple counts. *See, e.g., United States v. Hong,* 934 F.2d 105, 108 (7th Cir. 1991). This is improper because it exposes the defendant to the possibility of multiple punishment for a single offense, *id.,* and also because it indicates to the jury that the defendant committed not one but several crimes and thus may suggest that the alleged criminal activity is of greater scope and gravity than it actually is. *See, e.g., United States v. Street,* 66 F.3d 969, 975 (8th Cir. 1995). The usual test for multiplicity is whether each count requires proof of a fact that the other does not; if not, the charges are not multiplicitous. *See, e.g,. United States v. Marquardt,* 786 F.2d 771, 778 (7th Cir. 1986).

As the government points out, a charge under §401(3) requires proof that the defendant willfully violated a court order of reasonable specificity (here, the order to testify), whereas a charge under §1503 requires proof that the defendant corruptly endeavored to obstruct or impede the due administration of justice. In other words, an obstruction charge requires proof an additional element or elements that are not part of a criminal contempt charge. Thus on the face of things the charges are not multiplicitous.

But some of the case law under §1503 suggests that the differences might be more apparent than real. First, the term "endeavor" as used in the statute is the rough equivalent of

4

"attempt"; it is meant to describe "any effort or assay to accomplish the evil purpose that the section was enacted to prevent." *United States v. Russell*, 255 U.S. 138, 143 (1921), *quoted in United States v. Aguilar*, 515 U.S. 593, 610 (1995). Thus an attempt to obstruct justice violates the statute, even if the attempt is not possible of accomplishment. *Osborn v. United States*, 385 U.S. 323, 333 (1966), *cited in Aguilar*, 515 U.S. at 610.

The more significant point, however, at least for present purposes, concerns the definition of "corruptly." The term is commonly defined in §1503 cases as requiring that the defendant acted "with the purpose of wrongfully impeding the due administration of justice." Seventh Circuit Federal Jury Instructions (Criminal) §1503 at p. 272 (1999). But there is authority that arguably reads this requirement out of the statute (at least as it concerns a refusal-to-testify case), by permitting corrupt intent to be established via the well-known concept that a person may be deemed to have intended the natural and probable consequences of his acts. *See United States v. Cueto*, 151 F.3d 620, 630-31, 633 (7th Cir. 1998) (approving a jury charge stating that to prove the defendant acted "corruptly," the government "only has to establish that the defendant should have reasonably seen that the natural and probable consequences [sic] of his acts was the obstruction of justice."); *see also United States v. Gage*, 183 F.3d 711, 718-19 (7th Cir. 1999) (Posner, J., concurring) ("Deliberately to do something that one knows will have a particular result is often in the criminal law enough to establish the requisite intention to bring about that result."). *See generally United States v. Vaghela*, 169 F.3d 729, 733 n.3 (11th Cir. 1999) (noting an apparent Circuit split regarding the meaning of the term "corruptly" in §1503).

Neither *Cueto* nor *Gage* involved a charge under §1503 based on a person's refusal to testify. But if taken to its logical conclusion in a refusal-to-testify case, the principle discussed in

5

those cases effectively would make *any* refusal to testify, without more, an obstruction of justice under §1503 – for any withholding of evidence has the natural and probable consequence of impeding the administration of justice, and the relative obviousness of that fact would enable the government to establish "corrupt" intent simply by showing that the defendant was aware that his testimony was sought in some judicial or grand jury proceeding. That would, indeed, make a violation of §1503 in the refusal-to-testify case effectively indistinguishable from contempt under §401(3), which as we have noted requires in this context proof of willful violation of a court order to testify. It is highly unlikely that Congress intended for §1503's significantly-higher maximum penalty to apply based on a simple showing of contempt.

This discussion does not alter our conclusion that the §1503 charge is not multiplicitous of the §401(3) charge. But it does highlight the need for careful consideration of the definition of "corruptly" that will apply at trial, which in this particular case may require that we forego use of the knowledge-of-consequences principle, even though that principle may properly apply in other types of §1503 cases. *Cf. United States v. Cintolo,* 818 F.2d 980, 995 (1st Cir. 1987) (exact contours of what constitutes "corrupt" activity in violation of §1503 "must inevitably be drawn case-by-case"). *See Cueto,* 151 F.3d at 631 ("'Correct application of Section 1503 thus requires, in a very real sense that the factfinder discern – by direct evidence or from inference – the motive which led an individual to perform particular actions ....'") (quoting *Cintolo,* 818 F.2d at 991). In this regard, the Court is largely in agreement with the First Circuit's treatment of this issue in *United States v. Brady,* 168 F.3d 574, 577-79 (1st Cir. 1999), in which that court appeared to jettison use of the knowledge-of-consequences rule out of concern that it would "make the 'corruptly' requirement meaningless." *Id.* at 578. With that, we leave the issue for the parties'

consideration and for further discussion at the time of trial.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss Count 2 [docket item 19-1].

                                                    _____
                                                    MATTHEW F. KENNELLY
                                                    United States District Judge

Date:   May 28, 2002